**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Patrick Nelu Dampare,<br>Plaintiff,<br>v.<br>KPG Healthcare LLC, *et al.*,<br>Defendants. | No. CV-26-06541-PHX-JJT<br>**ORDER** |

At issue is *pro se* Plaintiff Patrick Nelu Dampare's renewed Application to Proceed in District Court Without Prepaying Fees or Costs. (Doc. 8.) Having determined that Plaintiff is unable to pay the Court's fees, the Court grants the Application. The Court then screens Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) and dismisses it without leave to amend.

## I. BACKGROUND

Plaintiff first filed the Complaint (Doc. 1) and *in forma pauperis* Application on September 14, 2026 (Doc. 2). The Court then dismissed the Application with leave to amend because Plaintiff did not provide sufficient information from which the Court could determine Plaintiff's financial status. (Doc. 6.) Plaintiff filed a renewed Application the same day as the Court's order. (Doc. 8.)

Plaintiff's Complaint is thinly pled. (Doc. 1.) On the District Court's Pro Se 7 Form, he indicates the action is brought under 42 U.S.C. § 2000e (Title VII), 42 U.S.C. §§ 12112 to 12117 (ADA), and A.R.S. §§ 41-1405, 1461, and 1463. Plaintiff complains of

discriminatory termination, failure to promote, failure to accommodate a disability, unequal terms of employment, retaliation, and negative sexual and racial language in the workplace. (Doc. 1.) And in an affidavit attached to the Complaint, Plaintiff includes a few more details, including that he wore his "cultural print" to the office to "lift [his] spirits" after his continued harassment. (Doc. 1.) He later asserts a connection between his cultural print and his firing. (Doc. 1.) Plaintiff also attaches a right to sue letter from the Equal Employment Opportunity Commission (EEOC) issued October 23, 2023.

But this is not Plaintiff's first time raising these issues before the District Court. Indeed, in 2025, Plaintiff filed *the same* Pro Se 7 Form before Judge Lanza. *Compare* No. 2:25-cv-03610-DWL (Doc. 1) *with* No. 2:26-cv-06541-JJT (Doc. 1). Judge Lanza reviewed the Complaint, dismissed it, closed the case, then denied a motion to reopen the case. *See* No. 2:25-cv-03610-DWL (Docs. 7, 12).

## II. ANALYSIS

For cases such as the present one in which a party is permitted to proceed *in forma pauperis*—that is, the party lacks the means to pay court fees—Congress provided that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Section 1915(e) applies to all *in forma pauperis* proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id.* at 1127. Furthermore, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A dismissal for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2)

insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Here, the Complaint must be dismissed. The Complaint first takes on water when it insufficiently pleads facts to state a claim. As noted in the preceding case, Plaintiff's facsimile Pro Se 7 Form simply does not allege any facts at all. *See* No. 2:25-cv-03610-DWL (Doc. 7) (calling the complaint, comprised of only the Pro Se 7 Form, "plainly deficient"). And the newly included information—the affidavit and the EEOC letter—does not help because the EEOC letter reveals Plaintiff failed to comply with the statute of limitations under both federal causes of action. *See* 42 U.S.C. §§ 2000e-(5)(f)1 (requiring an aggrieved person to commence civil actions "within ninety days" of receiving the right to sue letter); *see also* 42 U.S.C. § 121176(a) (routing ADA enforcement provisions back to § 2000e-(5), thereby also requiring civil actions to be filed within ninety days). Because Plaintiff's right to sue letter issued on October 23, 2023, his opportunity to file the instant action passed moons ago.

If a defective complaint can be cured, the plaintiff is entitled to amend the complaint before the action is dismissed. *See Lopez*, 203 F.3d at 1130. The Court will not so permit. Plaintiff's only chance to plead for equitable tolling passed when he attached the notarized, signed affidavit from February of 2025 that expressly referenced the EEOC's right to sue letter. (Doc. 1.) The Court therefore concludes Plaintiff was aware of the EEOC's letter since *at least* February 2025, leagues beyond the ninety-day limit that barred the instant action. In addition, Plaintiff's renewed Application confirms the finding, as it indicates he has not worked in nearly three years for the employers targeted by this action. (Doc. 8.) Plaintiff thus cannot reasonably point to a later injury from which a claim could arise. Therefore, the federal claims are dismissed.[1]

Under the Federal Rules of Appellate Procedure, Plaintiff may be entitled to proceed *in forma pauperis* on appeal without further authorization because this Court permitted Plaintiff to proceed *in forma pauperis* in this action. *See* Fed. R. App. P. 24(a)(3). However,

[1] Because the Court dismisses the federal causes of action, the Court is left with no jurisdiction over the remaining state claims (A.R.S. §§ 41-14-5. 1461, 1463).

because the Court is dismissing the Complaint with prejudice, finding Plaintiff's claims fail as a matter of law, the Court now certifies that any appeal would be frivolous and would not be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A).

**IT IS THEREFORE ORDERED** granting Plaintiff's renewed Application to Proceed in District Court Without Prepaying Fees or Costs. (Doc. 8.)

**IT IS FURTHER ORDERED** dismissing Plaintiff's Complaint (Doc. 1) with prejudice. The Clerk of Court is directed to close this matter.

**IT IS FURTHER ORDERED** that Plaintiff is not entitled to proceed in forma pauperis on appeal.

Dated this 25th day of September, 2026.

Honorable John J. Tuchi
United States District Judge